**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Dwayne Stoutamire, | : | Case No. 4:10 CV 2657 |
| Petitioner, | : | |
| vs. | : | |
| Donald Morgan, Warden, | : | **ORDER** |
| Respondent. | : | |

Pending in this habeas case filed pursuant to 28 U. S. C. § 2254 are a Motion to Request/Exceed Page Limitation, an Ex Parte Motion/Request for Investigator, three Motions/Requests to Amend Complaint, a Motion/Request to have access to a typewriter, a Motion to Add Claims and a Motion/Request for Assistance of counsel and Motion for " Discovery, Disposition, Interrogatories and Production of Documents" (Docket Nos. 2, 4, 12, 13, 14, 18, 19 & 22).

### MOTION/REQUEST TO EXCEED PAGE LIMITATION. DOCKET NO. 2.

Petitioner does not have access to electronic media for purposes of communicating with the Court. Consequently, all of his pleadings are hand written. Petitioner contends that more space is required to communicate in writing. Therefore, he needs to extend the page limitation in his written pleadings.

Pursuant to UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES 7.1 (f), without prior approval of t he Judicial Officer for good cause shown, m emoranda relating to dispositive motions must not exceed twenty pages for administrative cases.

The Magistrate finds that Petitioner has good cause to exceed the page lim itations imposed by the Local Rule.  However, Petitioner m ust narrow the issues, focusing only on what is m aterial to his cause and using the space allotted econom ically.  To that end, any pleadings filed hereafter m ust not exceed twenty-five (25) pages in length.  The Motion to Exceed Page Limits is granted.

### EX PARTE REQUEST FOR INVESTIGATOR.
### DOCKET NO. 4.

Petitioner requests that the Court engage an inves tigator to aid in his claim s of inef fective assistance of counsel.  He has identified witnesses that may have talked to counsel and/or the police,  and he contends that an investigator can provide information that has been a "hassle" for Petitioner to obtain.

An indigent defendant may request monies for investigative services under the Criminal Justice Act, 18 U.S.C. § 3006A. *United States v. Jamieson*, 427 F.3d 394, 407 (6th Cir. 2005).  The Sixth Circuit Court of Appeals has  directed the district cour ts to authorize services under Section 3006A "upon a demonstration that (1) such services are necessary to m ount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced."*Id.* at 407-408 (*citing United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002)).

Petitioner has failed to make the required showing of necessity for obtaining the assistance of an investigator at the government's expense.  Petitioner has identified the witnesses that "may" assist him in his claim s.  I n fact, Petitioner has already obt ained an affidavit from  Jessica Gordon, one of the witnesses Petitioner seeks assistance in locating.  Petitioner has failed to connect the request with any allegations other than a general statement that such expert "may" be needed to make his claims plausible.

Moreover, it appears that Petitioner can obtain the affidavits and/or other information without the assistance of an investigator. The Magistrate is not persuaded by Petitioner's argument that an investigator is needed. The Ex Parte Request for Investigator is Denied.

## MOTIONS/REQUESTS TO AMEND COMPLAINT.
### DOCKET NOS. 12, 14 & 19

In the first request, the proposed amendment to the Complaint seeks to add an additional claim of "prejudicial grand jury selection" (Docket No. 12). In his second request, the proposed amendment to the Complaint seeks to add a claim for prosecutorial/police misconduct (Docket No. 14). In his third request, the proposed amendment seeks to add another claim of prosecutorial/police misconduct (Docket No. 19).

Under FED. R. CIV. P. 15, leave to amend should be freely given when justice so requires. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be freely given. *Lincoln Electric Company v. MPM Technologies*, 2009 WL 2413625, *3 (N. D. Ohio 2009) (*citing Foman v. Davis*, 83 S. Ct. 227, 230 (1962)). A court must examine the *Foman* factors in light of the directive of F ED. R. CIV. P. 1 that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." *Id.* (*citing* FED. R. CIV. P. 1; *Foman*, 83 S. Ct. at 230). The decision whether "justice so requires" the amendment is at the district court's sound discretion. *Id.* (*see Zenith Radio Corp. v. Hazeltine Research*, 91 S. Ct. 795, 802 (1971)).

Here, Petitioner has preserved the claim of prosecutorial misconduct, having presented it in a post conviction petition. As a practical matter, the Magistrate finds it futile to grant Petitioner leave to amend

his Complaint to include the claims of prejudicial grand jury and police misconduct since he claims that

such claims were not presented to the appellate court on direct appeal, in either of two post conviction

petitions or to the Ohio Supreme Court.  Such claims are likely procedurally defaulted and not subject

to habeas review.  Accordingly, the Magistrate denies Petitioner's Motion to Amend Complaint, Motion

to Amend and Add Claims and Motion/Request to Amend Complaint.

### REQUEST TO HAVE ACCESS TO A TYPEWRITER
### DOCKET NO. 13

Petitioner contends that Respondent is interfering with his access to the court by failing to provide

a typewriter while he is in a segregated cell block. Petitioner asserts that use of a typewriter to prepare

his legal paperwork is a necessity due to hand pain.

In order to state a viable claim for interference with his access to the courts, a plaintiff must show

"actual injury." *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999) (*citing Lewis v. Casey*, 116 S. Ct.

2174, 2178-2190 (6th Cir. 1992)).  A plaintiff must plead and demonstrate that the defendant has or is

presently, hindering his or her efforts to pursue a non-frivolous legal claim *Hadix v. Johnson,* 182 F.3d

400, 405 (6th Cir.1999) (explaining that *Lewis* changed actual injury to include a requirement that action

be non-frivolous)).

When determining whether  Petitioner has been denied access to the Court, the propriety of prison

policy applicable to segregated cell block inhabitants or the pain in Petitioner's hand from overuse is not

an issue.  Nor is it relevant whether Respondent was required to provide Petitioner a typewriter while

subject to lockdown status.  This case pivots on whether Plaintiff has m    ade any factual allegations

showing that he suffered an "actual injury" during his efforts to pursue a non-frivolous suit.  He fails to

advance such a claim.  Despite his confinement, Petitioner continues to file pleadings.  The failure to

provide a typewriter did not impede his presentation to the Court.  The request to compel Respondent to

4

provide a typewriter is denied.

### MOTION FOR APPOINTMENT OF COUNSEL.
### DOCKET NO. 18.

Petitioner seeks an order appointing counsel while he is in lockdown status.  He argues that he is deprived of access to the library while in lockdown.

Habeas corpus is an extraordinary remedy for unusual cases and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he or she could not obtain a lawyer on his or her own, and he or she would have a reasonable chance of winning with the assistance of counsel. *Phillips v. Houk*  2010 WL 2723708, *1 (N. D. Ohio 2010)( *citing Mira v. Marshall*, 806 F. 2d 636, 638 (6 th Cir. 1986) (*citing Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E. D. Mich. 2002)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Id*. (*citing Lemeshko v. Wrona*, 325 F. Supp.2d 778, 787 (E. D. Mich.2004)).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary.  *Id*.

The Magistrate finds that Petitioner has presented his claims to the Court without the assistance of counsel.  The issues presented are not so novel or complex to warrant the appointment of counsel at this juncture of the proceedings.  The resolution  is this case will depend entirely on whether the state court's decision on those claim  s that are not proce  durally defaulted is contrary to, or involves an unreasonable application of, clearly established federal law.  Such decision can be m  ade without an evidentiary hearing.  The Magistrate is not persua  ded that the appointm ent of counsel will enhance Petitioner's chances of success on the merits.  However, the Magistrate is persuaded that Petitioner can obtain justice without an attorney.  The request for the appointment of counsel is denied.

### MOTION FOR " DISCOVERY, DISPOSITION, INTERROGATORIES AND PRODUCTION OF DOCUMENTS"

**DOCKET NO. 22.**

Petitioner seeks relief under Rule 6 of the RULES GOVERNING SECTION 2254 CASES.  Specifically

he seeks an order:

- compelling the State to divulge the identities of the grand jurors who indicted him.
- compelling his trial counsel to answer his interrogatories.
- compelling trial counsel to produce his case file.
- compelling the State to obtain evidence.
- compelling Patrolman Bansky to produce a taped statement from Antonio Peterman.
- compelling Shannon Sylvester and Jessica Gordon to submit to an interview.

Attached to his Motion are interrogatories for Attorney John Juhorsz, Attorney -Prosecutor Chris

Becker, Mrs. Dominique McClintock, Mr. Ronald Jones, Ms. Jessica Gordon and Mrs. Gloria Court.

The discovery processes contained in the Federal Rules of Civil Procedure do not apply across

the board in habeas corpus actions. *Hillman v. Warden, Chillicothe Correctional Institution,* 2009 WL

3126606, 7 (S. D. Ohio 2009).  "A habeas petitioner, unlike the usual civil litigant in federal court, is not

entitled to discovery as a matter of ordinary course." *Id.* (*citing Bracy v. Gramley*, 117 S. Ct. 1793, 1797-

1798 (1997)).  In *Harris v. Nelson*, 89 S. Ct. 1082, 1088 (1969), the United States Supreme Court held

that the " broad discovery provisions" of the F EDERAL RULES OF CIVIL PROCEDURE did not apply in

habeas corpus proceedings.  *Id.*  As a result of the holding in *Harris*, the RULES GOVERNING SECTION

2254 CASES IN UNITED STATES DISTRICT COURTS were promulgated in 1976.  Specifically, Rule 6(a)

provides that a party shall be entitled to invoke the processes of discovery available under the Federal

Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good

cause shown grants leave to do so, but not otherwise.  *Id.*

Under the "good cause" standard, a district c ourt should grant leave to conduct discovery in

habeas corpus proceedings only when specific allegations before the court show reason to believe that

the petitioner may, if the facts are more fully developed, be able to demonstrate that he or she is entitled

6

to relief.  *Id.* (*citing Bracy, supra*, 117 S. Ct. at 1799) ( *quoting Harris*, 89 S. Ct. at 1091;   *See also*

*Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *reh'g en banc denied* Nov. 29, 2001).  The burden

of demonstrating the materiality of the information requested is on the moving party. *Id.* (*citing Stanford*,

266 F.3d at 460).  Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory

allegations." *Id.* (*citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford,* 266 F.3d

at 460).  "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must

set forth specific allegations of fact."  *Id.* (*citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994);

*Williams v. Bagley,* 380 F.3d 932, 975 (6th Cir. 2004)).

Upon review of the entire record, the Magistrate is not persuaded that the standard necessary to

authorize Petitioner to conduct discovery to ascertain his innocence has been met. Petitioner's first claim

is actually an assertion that African Americans were underrepresented on the grand jury.  Petitioner

effectively waived this claim when he failed to present it to the state appellate courts.  The failure to raise

the issue of underrepresentation on the record constitutes a procedural default under Ohio's doctrine of

*res judicata*. *Smith v. Anderson*, 105 F. Supp. 2d 773, 849 (S. D. Ohio 2000) (*citing State v. Cole*, 2 Ohio

St. 3d 112, 113, 443 N. E. 2d 169 (1982)).  Even if Petitioner's request for discovery were granted, the

racial composition of the grand jurors would not produce an altered result as the Court is foreclosed from

considering whether the grand jury was underrepresented by African Americans when conducting habeas

review.

Petitioner's second and third claims seek documents to elucidate trial counsel's strategy and, thus,

demonstrate that trial counsel's representation fell below an objective standard of reasonableness.

However, Petitioner fails to challenge any particular action taken by the trial counsel that was

unprofessional or allege facts that would overcome the presumption that trial counsel's representation

was effective.  The questions engage counsel in an inquiry to obtain information.  The Magistrate is not persuaded that Petitioner has complied with the "good cause" standard in seeking trial counsel's strategy or notes.

Petitioner seeks an order compelling the State to produce witness statements of persons that did not testify at trial and Patrolman Bansky to produce a taped statement from Antonio Peterman.  Petitioner speculates that these witnesses may have made exculpatory statements.  These claims, too, were not presented for appellate review.  Accordingly, for purposes of habeas review, the claims are waived.  It is futile at this juncture to compel the State to produce witness statements as they, too, cannot be considered in this habeas case.

In Petitioner's final claim, he submits that the Court should compel Shannon Sylvester and Jessica Gordon to submit to interviews.  A habeas case gauges whether the state court decision is contrary to the governing rule or whether the court's use of existing law resulted in an unreasonable application of Supreme Court precedent.  Petitioner fails to explain how either of these interviews is material to the resolution of these issues.  Moreover, the transcribed record of the interviews is inadmissible in this habeas case; consequently, the interviews cannot have a substantial effect on this habeas court.

## CONCLUSION

The Motion to Request/Exceed Page Limitation (Docket No. 2) is granted, the Ex Parte Motion/Request for Investigator (Docket No. 4) is denied, all Motions/Requests to Amend Complaint (Docket Nos. 12, 14 & 19) are denied, the Motion/Request to have access to a typewriter (Docket No. 13) is denied and the Motion/Request for Assistance of Counsel (Docket No. 18) is denied and the Motion for "Discovery, Disposition, Interrogatories and Production of Documents" (Docket No. 22) is denied.  Petitioner shall file his traverse thirty days after Respondent files its answer showing cause why

the Petition for Writ of Habeas Corpus filed in this case should not be granted.

> **IT IS SO ORDERED**.

> /s/Vernelis K. Armstrong
> United States Magistrate Judge

Date:   May 10, 2011