IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwayne Stoutamire,                           :              Case No. 4:10 CV 2657

      Petitioner,                              :

vs.                                          :

Donald Morgan, Warden,                       :              **ORDER**

      Respondent.                              :

This case was automatically referred to the undersigned Magistrate pursuant to UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULE 72.2 for resolution of all pre-trial matters filed in the *pro se* Petition for Habeas Corpus.  Pending are Petitioner's Motions/Requests for Further Discovery and Respondent's Opposition (Docket Nos. 28, 29 & 35) and Petitioner's Motion for Evidentiary Hearing, Supplement, Respondent's Opposition and Petitioner's Reply (Docket Nos. 33, 34, 35 & 36).  For the reasons that follow, all Motions/Requests are denied.

**MOTIONS/REQUESTS FOR FURTHER DISCOVERY.
DOCKET NOS. 28 & 29.**

In the Petition for Writ of Habeas, Petitioner asserts the defense of actual innocence.  He reasons that the Court should compel Respondent to provide the following as it will assist with establishing his

innocence:

    1.     The transcribed record of Jessica Gordon's conversation with defense counsel.

    2.     The state witnesses criminal convictions.

    3.     Jessica Gordon's medical file.

The habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Hill v. Anderson,* 2010 WL 5178699, *7 (N. D. Ohio 2010) (*citing Bracy v. Gramley*, 117 S. Ct. 1793, 1796-1797 (1997)).  Nevertheless, THE ALL WRITS ACT, codified at 28 U.S.C. § 1651, gives federal courts the power to "fashion appropriate modes of procedure" including discovery, to dispose of habeas petitions "as law and justice require." *Id.*

A habeas petitioner's discovery request is governed by RULE 6 OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.  The rule provides that a judge, for good cause, may authorize a party to conduct discovery under the FEDERAL RULES OF CIVIL PROCEDURE and may limit the extent of discovery.  *Id.* at *8.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.  *Id.*  Good cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he or she is entitled to relief.  *Id.* (*citing Harris v. Nelson*, 89 S. Ct. 1082, 1091 (1969); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)).  The additional discovery need only show good cause that the evidence sought would lead to relevant evidence.  *Id.* (*citing Payne v. Bell*, 89 F.Supp.2d 967, 970 (W. D. Tenn., 2000) (*citing Calderon v. United States District Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir. 1996); *See Keenan v. Bagley*, 262 F.Supp.2d 826, 838 (N. D. Ohio, 2003), *vacated on other grounds*, 400 F.3d 417 (6th Cir. 2005)).  Vague and conclusory allegations are not sufficient to allow discovery under RULE 6, and a petitioner may not embark on a fishing

2

expedition in order to develop claims for which there is no factual basis.  *Id.* (*citing Williams,* 380 F.3d at 974).

1.

In the underlying state case, Petitioner provided the transcript of the interview conducted by his counsel and Jessica Gordon as an exhibit in his petition for post-conviction relief.  He also prepared a comparison of the discrepancies between Jessica Gordon's testimony at trial and answers to the questions posed in the interview.  Respondent has provided a copy of the transcribed record of the interview with Jessica Gordon in his answer (Docket No. 24, Exhibit 3, p. 26-37 of 241).  There is no transcribed copy of her testimony at trial for Petitioner to compare.  Nevertheless, the Magistrate has reviewed the transcribed record of Jessica Gordon's response to questions posed by Petitioner's trial counsel as well as the habeas petition.  Those issues that survive procedural default and exhaustion requirements include consideration of instruction on a lessor included offense, prejudicial joinder, cumulative errors and giving a jury instruction after the jury commences deliberation.  Neither Jessica Gordon's responses to the inquiries nor her testimony will assist the Court in assessing the merits of Petitioner's habeas petition or his claim of actual innocence.  Providing the transcribed record of Jessica Gordon's conversation with defense counsel is futile.  The request is therefore denied.

2.

Christopher D. Becker of the Trumbull County Prosecutor's Office averred that printouts from the Ohio Law Enforcement Gateway[1] (OLEG) of all witnesses were provided to counsel.  In addition,

---

[1]

OLEG is a secure, Web-based platform that provides real-time information to law enforcement agencies about identity theft, sex offenders and missing children.  Through OLEG, law enforcement agencies can share information in order to better prevent and solve crimes.  Use of OLEG is limited to law enforcement officers and officials.  Www.ohioattorneygeneral.gov/ohleg

the file was opened to Petitioner's counsel.  The printouts of the OLEG investigation on the state's witnesses were provided by Respondent (Docket No. 24, Exhibit 2, pp. 24-54 of 291).  However, the printouts of witness backgrounds will not assist the Court in determining whether an instruction for a lessor included offense was appropriate, whether the joinder of Petitioner's offenses was prejudicial, whether the trial court erred in failing to consider the cumulative errors and whether the court erred in giving a supplemental jury instruction after the jury commenced deliberation.  Neither will the printouts of those who testified against him prove his claim of actual innocence.

3.

Petitioner makes a vague reference about Jessica Gordon's mental health that does not offer any clarification about its significance or materiality to his claim of innocence.  However, Petitioner is reminded that Jessica Gordon, a nonparty to this suit or the underlying state court case, did not place her psychiatric health at issue by testifying at trial or answering counsel's questions.  Neither did she waive her right which guarantees that any of her physicians cannot be compelled to testify about a communication made to them in that relationship or advice given her by those physicians.  *See* OHIO REV. CODE § 2317.02(B) (Thomson Reuters 2011).  Simply, Jessica Gordon has not waived her right to the physician privilege and Petitioner has not established that he has a right to discover confidential medical records of a non-party to a lawsuit.

4.

In conclusion, Petitioner's request for the transcribed record of Jessica Gordon's conversation with defense counsel and the criminal convictions of state witnesses has been satisfied even though this evidence offers nothing that will assist the Court with resolving Petitioner's substantive claims that have not been procedurally defaulted.  Petitioner has not shown how Jessica Gordon's medical history or

4

record is either relevant or discoverable.  Accordingly, the Magistrate denies the Motion for Discovery in its entirety.

**MOTION FOR EVIDENTIARY HEARING**
**DOCKET NO. 33.**

Petitioner seeks an evidentiary hearing to advance his claims on four issues:  (1) trial counsel was ineffective, (2) the prosecutor violated *Brady* principles[2], (3) there is cause and prejudice for the procedural defaults and (4) a miscarriage of justice will result from the failure to conduct a hearing.

A court has the discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing.  *Hill v. Anderson,* 2010 WL 5178699, *6 -7 (N. D. Ohio 2010) (*citing Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985)).  Where "the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence," an evidentiary hearing is not necessary. *David v. Woods*, No. 2:09cv10320, 2009 WL 377062 at *1 (E. D. Mich. 2009) (*citing Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F.Supp.2d 554, 560 (M. D. Pa.1998)).  In fact, 28 U.S.C. § 2254(e)(2) provides that when the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

    (A)    the claim relies on-
        (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[2]

In *Brady v. Maryland*, 83 S. Ct. 1194, the Supreme Court held that suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

5

*Id.*

New evidence can be admitted to the record only if petitioner was not at fault in failing to develop that evidence in state court, or if he was at fault, if the conditions prescribed by § 2254(e)(2) were met. *Id.* (*see Williams v. Taylor*, 120 S. Ct. 1479, 1487-1491 (2000); *James v. Brigano*, 470 F.3d 636,642 (6th Cir. 2006). "A prisoner is at fault in failing to develop the evidence if there is a 'lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.' " *Id.* The required diligence is 'a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court.' " *Id.* (*citing Landrum vs. Mitchell*, 2010 WL 4352213, * 16 (6th Cir. 2010) (*quoting Williams*, *supra*, 120 S. Ct. at 1489).

### 1.

Petitioner failed to develop the record, allegedly because his counsel was ineffective during the state court hearing. He contends that an evidentiary hearing is required to ascertain what trial strategy counsel employed and the extent of counsel's witness investigations.

The Court may not reach the merits of Petitioner's ineffective assistance of counsel claims as he failed to satisfy the exhaustion requirements. It is well established that a habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Drummond v. Houk,* 2010 WL 5464172, *13 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2254(b), (c); *see Rose v. Lundy*, 102 S. Ct. 1198, 1205 (1982)) Exhaustion is fulfilled once a convicted defendant seeks review of his or her claims on the merits from a state supreme court. *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999)). Here, Petitioner presented his claim of ineffective assistance of counsel to state court in a motion for post conviction relief. He did not present his claim to the state's highest court. Consequently, it is futile to conduct an

evidentiary hearing on a procedurally defaulted claim that will not be the subject of habeas review. Moreover, Petitioner did not identify a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; a factual predicate that could not have been previously discovered through the exercise of due diligence; or that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. An evidentiary hearing is not warranted by the argument in Petitioner's first claim.

2.

In addition, Petitioner seeks an evidentiary hearing so that he can confront the prosecutor with the fact that his counsel did not receive the criminal histories of the state's witnesses.

Initially, the Magistrate notes that upon review of the state court record, there is a lack of support for Petitioner's allegations. Christopher Becker of the Trumbull County Prosecutor's Office averred that printouts from OLEG for the state's witnesses were provided to counsel. Even if this statement is untrue, there is evidence that Petitioner failed to follow the applicable rules in raising this claim in state court. A procedurally defaulted claim that is not subject to habeas review cannot be the basis for an evidentiary hearing. *Id.* Alternately, Petitioner did not identify a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; a factual predicate that could not have been previously discovered through the exercise of due diligence; or that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. An evidentiary hearing is not required.

7

3.

Petitioner suggests that an evidentiary hearing will improve his chances of proving that trial counsel is the reason that his claims are defaulted.  Apparently, a relative related to Petitioner that Jessica Walton provided his counsel with an affidavit in which she recanted her testimony.  Trial counsel deprived him of this "discovery evidence."  When he discovered its existence, it was too late to file a pleading.

The Magistrate considers Petitioner's request to audit trial counsel's file, an argument better suited to assist with resolving whether Petitioner had good cause for any procedural defaults.  These allegations do not rely on a new rule of constitutional law or a factual predicate that could not have been previously discovered through the exercise of due diligence.

4.

Petitioner concedes that he is unable to meet the miscarriage of justice threshold.  However, once discovery has been completed, he can develop a reason why an evidentiary hearing is needed.

The Magistrate reiterates that the district court shall not hold an evidentiary hearing on the claim unless Petitioner shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or  a factual predicate that could not have been previously discovered through the exercise of due diligence.  The expectation to expand the record with a prayer that credible facts will develop during discovery is not a basis on which the Court may convene a hearing.

CONCLUSION

For these reasons, the Motions/Requests for Further Discovery (Docket Nos. 28 & 29) and the

Motion for Evidentiary Hearing (Docket No. 33) are denied.

        **IT IS SO ORDERED**.


                                  /s/Vernelis K. Armstrong
                                  United States Magistrate Judge


Date:   October 3, 2011