IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dwayne Stoutamire, | Case No. 4:10 CV 2657 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Donald Morgan, Warden, | |
| Respondent. | |

### INTRODUCTION

*Pro Se* Petitioner, Dwayne Stoutamire, filed a Petition for Writ of Habeas Corpus asserting seven separate grounds for relief (Doc. No. 9). This Court has jurisdiction under 28 U.S.C. § 2254(a): ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in the custody of the State of Ohio.

This case was referred to Magistrate Judge Vernelis Armstrong for a Report and Recommendation ("R&R"). The Magistrate recommends that this Court deny the Petition (Doc. No. 40). Petitioner filed a timely Objection (Doc. No. 43). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's conclusions *de novo*.

Additionally, Petitioner filed untimely Objections (Doc. Nos. 44 and 45) to the R&R addressing the earlier denial of additional discovery, requests to amend, and assistance of counsel (Doc. Nos. 23 and 29). Pursuant to *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), the failure

to timely object to the R&R forecloses any appeal. Therefore this Court will not address those untimely Objections.

## BACKGROUND

Petitioner initially objects to the state court's findings of fact in the record (Doc. No. 43 at 29). Petitioner offers no additional explanation, only that the Magistrate "compare the facts of the record to the state courts [sic] decision . . . ." (Doc. No. 43 at 29). Under 28 U.S.C. § 2254(e)(1), findings of fact made by a state court are given deference and therefore presumed to be correct. The Magistrate properly dismissed this issue, reminding Petitioner that "[f]ederal courts are not forums in which to relitigate state trials." *Autry v. Estelle*, 464 U.S. 1, 22 (1983). Finding no other objections to the procedural history and facts as set forth in the R&R (Doc. No. 40 at 1–12), this Court incorporates them by reference and briefly sets them forth below.

\* \* \*

**Direct Appeal**

*May 2007*: Petitioner was found guilty on five counts in a six count indictment (Doc. No. 40 at 2). Petitioner was sentenced to 34 years.

*August 2007*: Petitioner appealed to the state appellate court asserting five trial court errors:

- prejudicial joinder;
- wrongly instructing the jury on complicity after the jury had already begun deliberations;
- wrongly refusing to give a jury instruction on unlawful restraint as a lesser included offense of abduction;
- denial of due process under the Fourteenth Amendment given that his conviction was against the manifest weight of the evidence; and
- denial of his right to a fair trial.

*June 2008*: The state appellate court affirmed the judgment of the trial court and overruled all of Petitioner's assignments of error.

*July 2008*: Petitioner appealed to the Supreme Court of Ohio raising four propositions of law:

- prejudicial jury instruction;
- wrongful joinder of cases;
- failure to instruct the jury on the lesser included offense of unlawful restraint; and
- his conviction was against the manifest weight of the evidence.

*October 29, 2008*: The Ohio Supreme Court denied Petitioner's leave to appeal, finding the propositions did not involve a substantial constitutional question.

**Post-Conviction Relief**

*April 28, 2008*: While Petitioner's direct appeal was still pending, Petitioner filed a motion for post-conviction relief on three grounds:

- denial of the equal protection of the law;
- ineffective assistance of counsel; and
- compulsory process and confrontation of witnesses.

Petitioner requested leave to file an amended post-conviction petition to assert additional information in support of his claims. The court denied this request and subsequently dismissed the petition.

*October 17, 2008*: Petitioner timely appealed this denial to the Eleventh District Court of Appeals. Petitioner alleged the trial court erred in:

- granting summary judgment on his petition;
- denying Petitioner a hearing on his petition; and
- denying Petitioner's motions for leave to amend his petition.

The appellate court found all three of Petitioner's claims to be without merit.

*November 30, 2009*: Petitioner timely appealed this decision to the Supreme Court of Ohio setting forth five propositions of law:

- failure of the Government to disclose impeachment material is a denial of due process;
- a prima facie demonstration of a *Bagley* violation warrants an evidentiary hearing;

3

- a showing of materiality for a *Brady/Bagley* violation does not require demonstration by a preponderance of the evidence that disclosure of the evidence would have resulted in a defendant's acquittal;
- a post-conviction petition need only state operative facts of a constitutional violation; and
- a motion to amend a post-conviction petition should be freely granted if it is based on facts and information not available prior to filing the petition.

The Ohio Supreme Court denied Petitioner leave to amend and dismissed the appeal as not involving a substantial constitutional question.

Petitioner filed an untimely petition for post-conviction relief. This was denied, yet again, at every level of the state judicial system, finally terminating on July 21, 2010, when the Supreme Court of Ohio declined to hear the case on jurisdictional grounds. Notably, this was the first time Petitioner filed a claim for ineffective assistance of counsel.

Petitioner then filed his Petition in this Court, alleging:

- the jury was given an additional instruction after deliberations began;
- prosecutorial misconduct;
- ineffective assistance of counsel;
- prejudicial joinder of offenses;
- trial court error by failing to give a jury instruction on the lesser offense of unlawful restraint;
- judicial bias; and
- cumulative errors.

### DISCUSSION

**Second, Third, and Sixth Claims: Barred by Procedural Default**

The Magistrate correctly found Petitioner's second (prosecutorial misconduct), third (ineffective assistance of trial counsel), and sixth (judicial bias) claims to be procedurally defaulted and therefore precluded from merit-based review. Petitioner failed to present any of these claims on direct appeal, instead waiting until he filed two subsequent, and equally unsuccessful, motions for post conviction relief. These three claims were all available to him on direct appeal of his conviction.

Waiting to raise these issues now bars him from asserting them for federal habeas review. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St. 2d 175, 226 (Ohio 1967)).

The failure to timely raise these three claims means Petitioner has procedurally defaulted on these claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Petitioner's only hope, therefore, is to allege "cause" or "prejudice" sufficient to overcome this default. *United States v. Frady*, 456 U.S. 152, 168 (1982). He does not do so. Nor has he shown himself to be an "actually innocent" victim of a fundamental miscarriage of justice. Although Petitioner presents an alleged affidavit from key witness Jessica Gordon, which states she was compelled to testify on behalf of the State, the affidavit does not address the merits of truthfulness of Gordon's testimony. Simply put, no matter how Petitioner frames these claims (Doc. No. 43 at 2, 5 and 8), he cannot succeed.

### First Claim: Jury Instruction on Complicity

Petitioner alleges the trial judge improperly instructed the jury on complicity after deliberations had already begun (Doc. No. 9 at 48). According to Petitioner, the improper instruction was not supported by the evidence and was given without notice. The new instruction was in response to a question from the jury asking for clarification (Doc. No. 24-1 at 133). The jury asked, "Can the defendant be found guilty of aggravated burglary without handling the gun?" (Doc. No. 24-1 at 135).

Unlike the claims above, Petitioner raised this issue on direct appeal and therefore this claim is not procedurally defaulted. The state appellate court fully adjudicated this claim determining Petitioner's objection to the instruction was meritless, finding both the timing and the content was appropriate (Doc. No. 24-1 at 133–136). This Court cannot grant habeas relief unless the state's

5

adjudication resulted in a decision that was contrary to, or involved, an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The Magistrate correctly determined the jury instructions were not contrary to clearly established law (Doc. No. 40 at 19–20).

### Fourth Claim: Prejudicial Joinder of Offenses

Because this claim was adjudicated in state court on direct appeal, this Court cannot grant habeas relief unless the state's adjudication resulted in a decision that was contrary to, or involved, an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The Magistrate appropriately analyzed the joinder of offenses under Ohio law, noting the joinder of offenses is liberally permitted in order to conserve time and expense. Petitioner points to no clearly established federal law that holds otherwise.

### Fifth Claim: Jury Instruction on Lessor Included Offense

Petitioner argues he was deprived of due process when the trial court failed to instruct the jury on unlawful restraint, a lesser included offense of abduction (Doc. No. 43 at 21–22). The state court adjudicated this claim on direct appeal and therefore, as above, Section 2254(d)(1) applies. As the Magistrate points out, there is "unrefuted evidence" demonstrating Petitioner abducted Gordon. Petitioner's Objections do not adduce any new evidence nor does Petitioner point to any clearly establish federal law requiring the inclusion of a lesser offense.

### Seventh Ground: Cumulative Error

Petitioner claims multiple errors at trial have deprived him of due process (Doc. No. 43 at 26). Federal courts reviewing a habeas petition may not consider cumulative trial errors in determining whether relief should be granted. *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). Here,

Petitioner cites to four Supreme Court cases which did consider cumulative error (Doc. No. 31 at 65–66). However, these cases cited by Petitioner were not in the habeas context; they were on direct appeal. This is significant because the standard of review is different. While it is clearly established federal law that cumulative error may be considered on direct appeal, there is no precedent extending cumulative error review to habeas cases.

## CONCLUSION

For the forgoing reasons, this Court adopts the R&R (Doc. No. 40) and denies Petitioner's Writ.

Additionally, Petitioner's other Objections (Doc. No. 44– 45) are denied as untimely and moot.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 30, 2011