IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dwayne Stoutamire,                                    Case No. 4:10 CV 2657

                    Petitioner,          MEMORANDUM OPINION
                                         AND ORDER
          -vs-
                                         JUDGE JACK ZOUHARY
Donald Morgan,

                    Respondent.

## INTRODUCTION

Before this Court are Petitioner Dwayne Stoutamire's Motions for reconsideration and certificate of appealability (Doc. Nos. 49 & 51). This Court previously adopted the Magistrate's Report and Recommendation ("R&R"), dismissing Petitioner's Writ of Habeas Corpus (Doc. No. 46).

This Court adopts the long procedural history set forth in this Court's previous Order (Doc. No. 46 at 2–4). Briefly, Petitioner, in the custody of the State of Ohio, filed his Writ pursuant to 28 U.S.C. § 2254, and his case was referred to the Magistrate. Petitioner filed various motions, including a request for an investigator (Doc. No. 4), three Motions to amend (Doc. Nos. 12, 14 & 19), a Motion for the assistance of counsel (Doc. No. 18), and a Motion for discovery (Doc. No. 22). The Magistrate denied each Motion on May 10, 2011 (Doc. No. 23). In response to the Magistrate's Order, Petitioner filed a Request to Object on May 19, 2011 (Doc. No. 25).

Petitioner filed additional discovery requests (Doc. Nos. 28 & 29), as well as a Motion for an evidentiary hearing (Doc. No. 33). The Magistrate denied these Motions (Doc. No. 39), and on October 5, 2011 issued an R&R denying Petitioner's Writ (Doc. No. 40).

On October 19, 2011, Petitioner filed Objections (Doc. Nos. 43–45) to the R&R, to the Magistrate's first Order of May 10, 2011, and to the Magistrate's second Order on October 3, 2011. Petitioner now asks this Court to reconsider under Federal Civil Rule 59 and simultaneously requests a certificate of appealability.

## STANDARD OF REVIEW

The purpose of a motion to alter or amend judgment under Federal Civil Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). Under this rule, the court has the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982). Generally, only four major situations justify a district court altering or amending its judgment: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). The Rule is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488–89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226, 234 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

## DISCUSSION

Petitioner raises three issues before this Court. First, he argues this Court should consider his Objections to the Magistrate's Orders because they were timely. Second, he reasserts his Objections to the R&R, asking this Court to once again consider his claims. Third, Petitioner requests a certificate of appealability.

**Untimely Objections**

This Court dismissed as untimely Petitioner's Objections to the Magistrate's Orders in May and October 2011 (Doc. No. 44 & 45).  Petitioner argues these Objections were timely, because he filed them the same day the court adopted the R&R (Doc. No. 49 at 2).  This Court agrees and, now, pursuant to *Hill v. Duriron Co., Inc.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(C), reviews the Magistrate's Orders *de novo*.

*May 2011 Order*

Petitioner filed two Objections to the Magistrate's May 2011 Order (Doc. No. 23).  The first, filed on May 19, 2011, was titled "Request to Object" (Doc. No. 25).  The second, filed five months later on October 19, 2011, was untimely (Doc. No. 44).  Because this Court never considered Petitioner's first timely Objection, it does so now.

Petitioner first objects to the Magistrate's denial of his request for an investigator (Doc. No. 25 at 2).  The Magistrate relied on *United States v. Gilmore*, which holds "[a]n indigent defendant may obtain authorization for investigative, expert, or other services . . . upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced."  282 F.3d 398, 406 (6th Cir. 2002).  Petitioner states he needed an investigator to track down and interview a witness he believes has information "necessary to mount a plausible defense." (Doc. No. 25 at 3).  However, as the Magistrate correctly noted, Petitioner already has an affidavit from the witness (Doc. No. 4-1).

Petitioner also seeks to interview other individuals, stating an "investigator would help me question them concerning my ineffective assistance [of counsel] claim . . . ." (Doc. No. 25 at 3).  But Petitioner fails to demonstrate how the investigator's services are necessary.  This Court notes

3

Petitioner has been able to obtain at least one other affidavit while incarcerated and merely states obtaining additional affidavits "has been a hassle" due to his incarceration (Doc. No. 4 at 2). This Court will not simply grant Petitioner's motion "on the off chance that the requested services might turn up something," *Gilmore*, 282 F.3d at 406, and this Court is certainly unpersuaded that the inconvenience of confinement justifies Petitioner's request.

Petitioner's second Objection is to the Magistrate's denial of his Motion to Amend his Complaint with new claims (Doc. No. 25 at 4). Petitioner sought to amend his Complaint, claiming grand jury prejudice and police misconduct (Doc. No. 25 at 4). But Petitioner failed to present any of these claims on direct appeal, during either of his motions for postconviction relief, or to the Ohio State Supreme Court. Waiting to raise these issues now bars him from asserting them in federal habeas review. *See Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St. 2d 175, 226 (Ohio 1967)).

The Magistrate properly denied the Motion to Amend under Federal Civil Rule 15, as futile (Doc. No. 23 at 3–4). Petitioner's only hope, therefore, is to allege "cause" or "prejudice" sufficient to overcome this default. *See United States v. Frady*, 456 U.S. 152, 168 (1982). He did not do so, nor has he shown himself to be an "actually innocent" victim of a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner's third Objection concerns the denial of his Motion for appointment of counsel. "A petitioner does not have a right to assistance of counsel on a habeas appeal." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Assistance of counsel will only be granted to a habeas petitioner "where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). This is not one of those cases.

Two of his habeas claims are procedurally defaulted and Petitioner's ineffective assistance of counsel claim fails to revive these claims for cause and prejudice (Doc. No. 46 at 2–3). "Not just any deficiency in counsel's performance will do . . . the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner cannot meet that standard.

Petitioner's remaining claims challenge the state's adjudication against him. To succeed Petitioner must show those decisions were contrary to clearly established federal law -- again he has failed to make such a showing (Doc. No. 46 at 5–7). The Magistrate correctly denied Petitioner's request for counsel.

Finally, Petitioner objects to the denial of discovery. The Magistrate correctly analyzed this request under Rule 6(a) of the Rules Governing Section 2254 Cases. Rule 6(a) requires Petitioner to show "good cause" for discovery. Under that standard, this Court will only grant discovery "where specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy v. Gramley*, 520 U.S. 889, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1989)). Petitioner does not make such a showing.

### *October 2011 Order*

On October 3, 2011, the Magistrate denied Petitioner's second round of discovery requests (Doc. Nos. 28 & 29), and his Motion for an evidentiary hearing (Doc. No. 33). Petitioner timely objected, repeating many of his previous arguments, and even requesting the same discovery denied in the Magistrate's May 2011 Order (Doc. No. 23).

5

Again, the Magistrate correctly found Petitioner's requests failed the "good cause" standard under Rule 6(a). The Magistrate further found his requests could not revive his procedurally defaulted claims or shed light on the merits of his non-defaulted claims.

Petitioner also objected to the denial of his Motion for an evidentiary hearing. Specifically, Petitioner believes a hearing will prove ineffective assistance of counsel, prosecutorial misconduct, cause and prejudice, and a miscarriage of justice (Doc. No. 45 at 4–8). But, as the Magistrate held, these claims are completely unsupported by the record and certainly fail to meet the requirements for a hearing under 28 U.S.C. 2254(e)(2) (Doc. No. 39 at 6–7). These allegations do not rely on new constitutional law or facts undiscoverable through the exercise of due diligence.

**R&R**

This Court denied Petitioner's Writ in December 2011 (Doc. No. 46). Petitioner now asks this Court to reconsider, arguing this Court failed to address his claims for prosecutorial misconduct, ineffective assistance of counsel, and Brady violations.

Petitioner is mistaken -- his prosecutorial misconduct claim was addressed. This Court held Petitioner's claim was procedurally barred and could not satisfy the cause and prejudice test to excuse procedural default (Doc. No 46 at 4–7).

Petitioner's ineffective assistance of counsel claim also fails. Though Petitioner advanced his claim in state court, he did not do so in the time and manner required by state law. For that reason the state court did not entertain his claim and it is procedurally defaulted (Doc. No. 24-3 at 79). *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Accordingly, this Court cannot review his claim unless he demonstrates cause and prejudice or a miscarriage of justice. *Hicks v. Straub*, 377 F.3d 538, 557 (6th Cir. 2004). His allegations of cause and prejudice have been specifically addressed in the

6

denial of his Writ (Doc. No. 46 at 5) -- not to mention at various times by the Magistrate as discussed above.  Finally, Petitioner's Brady claim was addressed as well -- as part of his claim for prosecutorial misconduct -- and this Court found that claim procedurally barred (Doc. No. 46 at 4).

Because Petitioner has failed to meet the requirements under Civil Rule Rule 59(e), this Court denies his Motion for Reconsideration.

**Certificate of Appealability**

Petitioner filed a Notice of Appeal (Doc. No. 50) and a Motion for certificate of appealability (Doc. No. 51), seeking to appeal this Court's Order denying his Writ (Doc. No. 46).  His appeal is being held in abeyance pending this Court's determination whether to issue the certificate.  Upon the filing of a notice of appeal in a habeas case, this Court must either issue the certificate or state the reasons why it should not issue.  Federal Appellate Rule 22(b); *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

The issuance of a certificate is not a matter of right -- issued only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2).  This statute codifies the standard in *Barefoot v. Estelle*, that "probable cause [for an appeal] requires something more than the absence of frivolity and that the standard is higher than the one of the 'good faith' requirement of [28 U.S.C.] §1915."  463 U.S. 880, 892–93 (1982).

Petitioner fails to demonstrate the denial of a constitutional right.  Therefore, this Court reaffirms its denial of a certificate of appealability (Doc. No. 48) for the reasons set forth in its previous Order (Doc. No. 46).

## CONCLUSION

Petitioner's Motions are denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*

JACK ZOUHARY

U. S. DISTRICT JUDGE

February 3, 2012
